■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVAN CAMPBELL, Appellant. [795 NYS2d 193]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered November 13, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near

school grounds, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom during the undercover officer's testimony, which included evidence that the officer expected to return to the specific vicinity of defendant's arrest for further undercover operations and that unapprehended subjects of investigations remained at large (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Defendant did not preserve his argument that the court effectively excluded his family from the courtroom and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no such exclusion.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The court correctly determined that defendant did not make out a prima facie case of racial discrimination in the prosecutor's exercise of peremptory challenges (*see People v Brown*, 97 NY2d 500, 507-508 [2002]). Defendant's numerical argument was unconvincing, and the record fails to support his assertion that the backgrounds of some of the excluded panelists suggested that they would have been expected to favor the prosecution. Concur—Mazzarelli, J.P., Friedman, Sullivan, Nardelli and Gonzalez, JJ.